UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-198 (JRT/TNL) |
| Plaintiff/Respondent, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE** |
| EDDY ANTONIO CARDENAS, | |
| Defendant/Petitioner. | |

---

David P. Steinkamp, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for plaintiff/respondent.

Eddy Antonio Cardenas, No. 18621-041, FCI Sandstone, P.O. Box 1000, Sandstone, MN 55072, *pro se* defendant/petitioner.

Defendant Eddy Antonio Cardenas is serving a 120-month term of imprisonment after pleading guilty to possession with intent to distribute methamphetamine. Cardenas now argues that the Court lacked jurisdiction and that his conviction and sentence should be vacated. Because Cardenas's Motion is untimely, and because the Court properly had jurisdiction to convict and sentence Cardenas, the Court will DENY Cardenas's Motion.

## BACKGROUND

In July 2015, a grand jury charged Cardenas with two counts: Possession with Intent to Distribute Methamphetamine under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 1), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime under 18 U.S.C. § 924(c)(1)(A)(i). (Indictment, July 7, 2015, Docket No. 1.) In April 2016,

Cardenas pleaded guilty to Count 1, and Count 2 was dismissed. (Plea Agreement, Docket No. 40.) In November 2016, Cardenas was sentenced to 120 months in prison. (Min. Entry, Nov. 8, 2016, Docket No. 56; Sentencing Judgment, Docket No. 58.) Cardenas did not file any direct appeals.

On March 20, 2019, Cardenas filed the first of several motions and petitions. The first, styled as petition for a writ of habeas corpus, requests that the Court dismiss his conviction, generally arguing that the Court had no jurisdiction. (Motion/Petition for Habeas Corpus, Docket No. 61). The United States responded on April 22, 2019, noting that Cardenas's requests could only be made under 28 U.S.C. § 2255, and that any such motions were time-barred. (Docket No. 63.)

On July 24, 2019, Cardenas filed a motion requesting the Court enter a default judgment against the United States. (Mot. For Entry of Default, Docket No. 68.)

Finally, Cardenas filed a Motion to Vacate his conviction under 28 U.S.C. § 2255, generally making the same jurisdictional arguments as in his first Motion/Petition. (Nov. 11, 2019, Docket No. 72.) The United States responded, again arguing that Cardenas's § 2255 motion was time-barred because more than a year had passed since Cardenas's conviction, and furthermore that the United States had jurisdiction over Cardenas. (Jan. 17, 2020, Docket No. 77.)

## DISCUSSION

**I.    CARDENAS'S MOTIONS**

The Court construes pro se filings liberally.  *See Earl v. Fabian*, 556 F.3d 717, 723 (8th Cir. 2009).  Cardenas's March 2019 filing, styled as a petition for a writ of habeas corpus, appears in fact to be a motion to vacate his sentence under 28 U.S.C. § 2255.  Cardenas argues, essentially, that "the court was without jurisdiction to impose [his] sentence," which is a claim appropriately brought under that statute.  28 U.S.C. § 2255(a).  Perhaps realizing this issue, in November 2019, Cardenas brought a similar and overlapping motion, styled as a § 2255 Motion.  Construing the papers liberally, the Court will consider the November 2019 filing as an addendum to the March 2019 Motion, and will analyze them together.

**II.    28 U.S.C. § 2255**

28 U.S.C. § 2255 allows prisoners in custody to file motions to vacate their convictions or sentences on the ground that the court had no jurisdiction, among other grounds.  28 U.S.C. § 2255(a).  Cardenas argues that the Court lacked jurisdiction over him, and that accordingly his conviction and sentence must be vacated.

### A.    Cardenas's Motion Is Time Barred

Section 2255(f) states that "[a] 1-year period of limitation shall apply to a motion under this section," and in Cardenas's case this period runs from "the date on which the

judgment of conviction becomes final." *Id.* § 2255(f)(1).  There is no dispute that Cardenas's conviction and sentence became final in 2016.  Nor does there appear to be any basis to find that the one-year limit should not apply.[1]  As such, his § 2255 Motion, filed in 2019, was not timely.

### B. No Basis for Relief under 28 U.S.C. § 2255

Even if Cardenas's claims were not time-barred, the Court would still deny his Motion.

First, Cardenas has made no showing that the Court lacked jurisdiction.  His claims that there was no "party of interest" and no "ratification of commencement" do not divest the federal courts of jurisdiction to adjudicate a federal crime.  Nor is the Court persuaded by Cardenas's claims that the Constitution was never ratified and that the Articles of Confederation remain in place.

Second, Cardenas argues that he was not indicted by a Grand Jury, and that the United States instead filed only a draft indictment.  Cardenas is correct that the indictment filed with the Court is not signed.  However, the Supreme Court has made clear that the lack of signature is a "technical irregularity that is not necessarily fatal to

---

[1] When a prisoner has both acted diligently and "some extraordinary circumstances stood in his way," a court may consider equitably tolling the time bar and allowing the prisoner additional time to file.  *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  However, such tolling is "an exceedingly narrow window of relief," and Cardenas has not made any showing why it should apply here.  *Id.*

the indictment." *Hobby v. United States*, 468 U.S. 339, 345 (1984); *see also Frisbie v. United States*, 157 U.S. 160, 164 (1895) (noting that the defect of a missing signature "is waived if objection is not made in the first instance and before trial, for it does not go to the substance of the charge, but only to the form in which it is presented.")

Finally, Cardenas discusses the First Step Act in relation to pre-2010 crack-cocaine offenses. However, because Cardenas was sentenced in 2016 for methamphetamine crimes, the First Step Act's retroactive sentencing changes for older crack-cocaine offenses is not relevant.

### III.   CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). The petitioner must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994). The Court finds it unlikely that another court would decide the issues raised in Cardenas's Motion differently and the issues are not debatable or deserving of further proceedings. The Court therefore concludes that Cardenas has failed to make the required substantial showing of the denial of a constitutional right and will deny a Certificate of Appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Petition for Habeas Corpus [Docket No. 61] and Defendant's Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 72] are **DENIED**.

2. Defendant's Motion for Entry of Default [Docket No. 68] is **DENIED as MOOT**.

3. The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c)(2) the issues raised in Defendant's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 6, 2020
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court